IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAUN D. DAVIS, AIS 170492, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-122-MHT-SMD |
| ) | (WO) |
| LAWRENCE HOWELL, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, initiated the captioned action by filing a complaint in the Circuit Court for Chambers County, Alabama. *Se*e Doc. 1-1 at 5–9. Defendant removed the case to this court. *See* Doc. 1. After reviewing Plaintiff's complaint and finding deficiencies with this pleading, the court determined that Plaintiff should be allowed to file an amended complaint to correct the deficiencies. On March 25, 2024, the court entered an order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc.7. Plaintiff was cautioned that his failure to comply with the court's order by April 22, 2024, would result in a Recommendation that his case be dismissed. *Id*. at 3.

To date, Plaintiff has not filed an amended complaint as directed or otherwise complied with the court's order of March 25, 2024.[1] Because of Plaintiff's failure to comply with the court's order, the undersigned concludes that this case should be dismissed without

---

[1] Plaintiff submitted a letter to the court on May 30, 2024 (Doc. 9), but that letter was noncompliant with the court's order that he file an amended complaint.

prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. S*ee Mingo*, 864 F.2d at 102. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **October 8th, 2024,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the court. This Recommendation is not a final order, and it is therefore not appealable. Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

      DONE this 24th day of September, 2024.

                          /s/ Stephen M. Doyle
                          STEPHEN M. DOYLE
                          CHIEF U.S. MAGISTRATE JUDGE